IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUPREME CONTRACTING, INC.,

    Plaintiff,

vs.                                                    Case No. 1:20-cv-00482-KWR-LF

PREFERRED CONTRACTORS INSURANCE
COMPANY, RISK RETENTION GROUP, LLC,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment, filed September 28, 2020 **(Doc. 5).** Following Plaintiff's request, the clerk entered default. **Docs. 10, 11.** Plaintiff seeks a declaratory judgment that Defendant has the duty to defendant and indemnify Plaintiff in an underlying state court case. Plaintiff also asserts bad faith and breach of contract claims for failing to provide coverage or defend the underlying action. Having reviewed the record in this case, the Court finds that Plaintiff's motion for default judgment is well taken and, therefore, is **GRANTED**. Because the underlying case appears to be pending, damages cannot yet be calculated.

### BACKGROUND

This case involves a failure to defend and indemnify by an insurance carrier. Plaintiff was sued in a third-party complaint in a state court action for the alleged damage caused by its work as a subcontractor on a courthouse in Mora County, New Mexico.

The Board of County of Commissioners filed a suit against Franken Construction Company *et al*. in Mora County, Fourth Judicial District Count, New Mexico. In that same case Franken

Construction filed a Thirty Party Complaint against various subcontractors, including Plaintiff. *See Board of County Commissioners of the County of Mora v. Franken Construction Company et al.,* D-430-CV-2017-00098, Fourth Judicial District Court, Mora County, New Mexico (the "Franken Matter").  In the third-party complaint Franken Construction asserted against Plaintiff (Supreme Contracting) breach of contract, contractual indemnity, common law indemnity, proportional indemnity, contribution, breach of express warrant, breach of implied warrant, and negligence claims.

Plaintiff submitted an insurance claim to Defendant.  Defendant denied the claim and notified Plaintiff it would not provide coverage or defend the Franken Matter.

On May 20, 2020, Plaintiff filed a complaint asserting the following claims:

- Count I:  Declaratory action that Defendant has a duty to defendant or indemnify Plaintiff.
- Count II:  Breach of Contract and Breach of Covenant of good Faith and Fair Dealing
- Count III: Bad Faith
- Count IV: Violation of the New Mexico Trade Practices and Frauds Act Insurance Code
- Count V: Violation of New Mexico Unfair Trade Practices Act

Pursuant to NMSA 1978 §§ 59A-5-31, 32, the complaint was served upon Preferred through the Superintendent of Insurance of the State of New Mexico.  The Superintendent of Insurance subsequently mailed the complaint to the insurer.  **Doc. 3;** N.M. Stat. Ann. 1978 § 59A-5-32(C) ("Process served as provided in this section shall for all purposes constitute valid and binding personal service within this state upon the insurer.").

The Clerk entered default, and Plaintiff filed this motion for default judgment as to liability.

## DISCUSSION

Plaintiff seeks default judgment on liability for the counts above.  Rule 55 mandates a two-step process for a default judgment.  First, a party must obtain a Clerk's entry of default.  Second, the party must request a default judgment.  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)).  Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015)

The Court has jurisdiction over this case.  Moreover, Defendant appears to have been properly served pursuant to N.M. Stat. Ann. 1978 §§ 59A-5-31, 32.  Service in federal court may effectuated by following state law.  Fed. R. Civ. P. 4(e)(1), (h).  Plaintiff attached an acceptance of service from the Office of Superintendent of Insurance.  **Doc. 3.**  The Superintendent subsequently served the insurer by mailing the complaint.  NMSA § 59A-5-32(B).  This method of service appears to comply with NMSA § 59A-5-32 and therefore the federal rules.  N.M. Stat. Ann. 1978 § 59A-5-32(C) ("Process served as provided in this section shall for all purposes constitute valid and binding personal service within this sta upon the insurer.").

After Defendant was served, it failed to appear in this case or answer the complaint. Plaintiff requested that the Clerk of Court enter default against Defendant on October 13, 2020 **(Doc. 10)**. The Clerk entered default the next day. **(Doc. 11)**.

Moreover, the Court concludes that the allegations in the complaint, taken as true, provide a sufficient basis for entry of default judgment on the claims. Therefore, Plaintiff is entitled to default judgment on liability.

However, because the underlying Franken Matter is ongoing, the Court cannot calculate or enter damages at this time.

## CONCLUSION

The Court finds and concludes that Plaintiff is entitled to default judgment as to all claims, including a declaratory judgment that Defendant has a duty to defend and indemnify Plaintiff in the underlying Franken Matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment **(Doc. 5)** is hereby **GRANTED** for reasons described above;

**IT IS FURTHER ORDERED** that Defendant has a duty to defend and indemnify Plaintiff in the underlying Franken matter D-430-CV-2017-00098, in Mora County, Fourth Judicial District, New Mexico.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending the resolution of the underlying Franken Matter.

**IT IS FINALLY ORDERED** that Plaintiff shall file a status report every six months, or once the Franken Matter is resolved.



_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE