IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

SUPREME CONTRACTING, INC.,

    Plaintiff,

vs.                                                                               No. 1:20-cv-00482-KWR-LF

PREFERRED CONTRACTORS INSURANCE
COMPANY, RISK RETENTION GROUP, LLC,

    Defendant.

## ORDER REGARDING DAMAGES

**THIS MATTER** comes before the Court upon Plaintiff's request for damages. *See* Docs. **18, 21, 23.** The Court previously granted Plaintiff's motion for default judgment and declared that "Defendant has a duty to defend and indemnify Plaintiff in the underlying Franken matter D-430-CV-2017-00098, in Mora County, Fourth Judicial District, New Mexico." Doc. 13 at 4. The Court reserved the issue of damages, as it could not determine the amount necessary to defend or indemnify Supreme Contracting in the underlying *Franken* matter until that matter was resolved. As explained below, the Court will award Plaintiff $27,102.18, the cost incurred in defending the underlying *Franken* matter.

However, the Court is unable to grant Plaintiff additional damages, such as punitive damages, or treble damages under the New Mexico Unfair Practices Act, based on the evidentiary record. If Plaintiff seeks such damages, it should file a notice and the Court will set this matter for evidentiary hearing. If Plaintiff does not file such a notice within 14 days, the Court will enter judgment awarding the compensatory damages.

**BACKGROUND**

This case involves a failure to defend and indemnify by an insurance carrier. Plaintiff was sued in a third-party complaint in a state court action for the alleged damage caused by its work as a subcontractor on a courthouse in Mora County, New Mexico.

The Board of County of Commissioners filed a suit against Franken Construction Company *et al*. in Mora County, Fourth Judicial District Count, New Mexico. In that same case Franken Construction filed a Thirty Party Complaint against various subcontractors, including Plaintiff. *See Board of County Commissioners of the County of Mora v. Franken Construction Company et al.,* D-430-CV-2017-00098, Fourth Judicial District Court, Mora County, New Mexico (the "Franken Matter"). In the third-party complaint Franken Construction asserted against Plaintiff (Supreme Contracting) breach of contract, contractual indemnity, common law indemnity, proportional indemnity, contribution, breach of express warrant, breach of implied warrant, and negligence claims.

Plaintiff submitted an insurance claim to Defendant. Defendant denied the claim and notified Plaintiff it would not provide coverage or defend the Franken Matter.

On May 20, 2020, Plaintiff filed a complaint asserting the following claims:

- Count I: Declaratory action that Defendant has a duty to defendant or indemnify Plaintiff.

- Count II: Breach of Contract and Breach of Covenant of good Faith and Fair Dealing

- Count III: Bad Faith

- Count IV: Violation of the New Mexico Trade Practices and Frauds Act Insurance Code

- Count V: Violation of New Mexico Unfair Trade Practices Act

Pursuant to NMSA 1978 §§ 59A-5-31, 32, the complaint was served upon Preferred through the Superintendent of Insurance of the State of New Mexico. **Doc. 3;** N.M. Stat. Ann. 1978 § 59A-5-32(C) ("Process served as provided in this section shall for all purposes constitute valid and binding personal service within this state upon the insurer.").

The Clerk entered default. Plaintiff filed a motion for default judgment, seeking in part a declaration that Defendant owed a duty to defend and indemnify Plaintiff. The Court granted the motion and concluded that Defendant had a duty to defend and indemnify Supreme Contracting, Inc. in the underlying state court *Franken* matter.

## DISCUSSION

Under Fed. R. Civ. P. 55(b)(1), judgment can be entered by the Clerk for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928–29 (9th Cir.2004). A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

Where damages are not for a sum certain, the Plaintiff must apply with the Court for damages. Fed. R. Civ. P. 55(b)(2). "In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010) (citing *Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C.2009), *quoted in Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1277 (D. Kan. 2016).

"The calculation of damages requires the Court to look beyond the averments of the complaint. The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry." *Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006), *quoting Joe Hand Promotions, Inc. v. Hernandez*, No. 03 Civ. 6132(HB) et al., 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted).

Nothing in the plain language of Fed. R. Civ. P. 55 requires the Court to hold a hearing on damages, even if the amount is not a sum certain. Fed. R. Civ. P. 55(b)(1) provides that the *Clerk* "must" enter judgment when the claim is for a sum certain or sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(2) provides that in all other cases the Plaintiff must apply to the court. It provides that "[t]he court *may* conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;
**(B)** determine the amount of damages;
**(C)** establish the truth of any allegation by evidence; or
**(D)** investigate any other matter.

Fed. R. Civ. P. 55(b) (emphasis added). An "evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." *Lopez v. Highmark Constr., LLP*, No. 17-CV-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018), *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012); *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538,

4

1544 (11th Cir.1985) ("Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."); *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D.Colo. Mar. 19, 2010) ("In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment."); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) ("Further, Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, does not require that the district court receive evidence on the claimed damages amount before entering a default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary.").

Plaintiff seeks compensation for the cost of defending the underlying *Franken* matter. Because the Court concluded that Defendant had a duty to defend Plaintiff, Plaintiff is entitled to "[t]he reasonable and necessary expenses… including attorney fees, for defending the lawsuit against [it]." NMRA, UJI 13-1714; *Lujan v. Gonzales*, 1972-NMCA-098, ¶ 55, 84 N.M. 229, 238, 501 P.2d 673, 682 ("For the breach of its duty to defend, Allstate '. . . is liable to the insured for the reasonable and necessary expenses which the insured has incurred in conducting the defense. . . "), *quoting* Annot. 49 A.L.R.2d 694, s 12 at 721 (1956). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate. [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotation marks and citations omitted).

Here, Plaintiff has shown that the reasonable and necessary expenses in defending the *Franken* matter include attorneys' fees in the amount of $24,857.50, and $2,244.68 in costs, for a total of $27,102.18.

The attorneys' fees are supported by detailed affidavits and time records, which the Court finds supports the attorney fee award. The Court has reviewed each time entry and finds that the attorneys reasonably spent 141.7 hours on the *Franken* matter and obtained a successful outcome. The Franken matter was a complex construction defect and commercial litigation matter, and was active for approximately three years "before enough evidence was gathered to show a lack of liability and issues with the work performed by Supreme." Doc. 23 at 2. Supreme Contracting was dismissed from the *Franken* matter without paying any settlement. The Court has reviewed the time record and concludes that each time entry demonstrates the time spent on each task was reasonable and necessary.

Plaintiff's attorneys charged at $185 per hour for partners and $175 per associate, which the Court finds to be at or below the rate charged for attorneys in this district and for the complexity of the underlying state court case. Doc. 23 at 2.

Moreover, the costs were itemized and were reasonable and necessary. *See* Doc. 23, Ex. A. They included deposition transcript fees, which the Court finds to be reasonable.

Therefore, the Court finds that the reasonable and necessary expenses for defending the *Franken* matter were $27,102.18.

Plaintiff also seeks treble damages under the Unfair Practices Act, and punitive damages. "Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court *may* award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the

party complaining of the practice." NMSA § 57-12-10(B) (emphasis added). Under the UPA, statutory damages are recoverable "in addition to remedies otherwise available against the same conduct under the common law." N.M. Stat. Ann. § 57–12–10(D). In *Hale v. Basin Motor Co.*, the New Mexico Supreme Court concluded that section 57–12–10(D) allowed a prevailing claimant to be awarded treble damages under the UPA, as well as punitive damages if a separate common law theory of liability is proved. 110 N.M. 314, 795 P.2d 1006, 1012 (N.M.1990). "To prevent double recovery, the party must then elect to accept either the award of treble damages or the compensatory plus punitive damages award." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

NMRA UJI 13–1827 provides that "[w]illful conduct is the intentional doing of an act with knowledge that harm may result." *Atherton v. Gopin*, 2015-NMCA-003, ¶ 54, 340 P.3d 630, 641 (applying this definition of willfulness to UPA claim). The Court should consider the "enormity and nature of the wrong and any aggravating circumstances." *Green Tree Acceptance, Inc. v. Layton,* 1989–NMSC–006, ¶ 9, 108 N.M. 171, 769 P.2d 84.

Punitive damages are appropriate if a plaintiff shows proof of "willful, wanton, malicious, reckless, oppressive, fraudulent or in bad faith" conduct. *Akins v. United Steel Workers of Am.,* 148 N.M. 442, 450 237 P.3d 744, 752 (2010). *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1225 (D.N.M. 2011). The New Mexico Supreme Court has instructed that:

> If you find that plaintiff should recover compensatory damages for the bad faith actions of the insurance company, and you find that the conduct of the insurance company was in reckless disregard for the interests of the plaintiff, or was based on a dishonest judgment, or was otherwise malicious, willful, or wanton, then you may award punitive damages.

*Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 23, 135 N.M. 106, 114, 85 P.3d 230, 238.

The evidentiary record before the Court, such as the affidavits, do not provide a basis for the Court to conclude that Defendant acted willfully for the purpose of treble damages under the UPA or punitive damages.  As explained above, the Court must award damages based on the evidentiary record before it, and not allegations in a complaint.

Therefore, the Court, exercising its discretion, declines to award treble damages. In determining damages, the Court is required to look beyond the complaint, and "to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry." *Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006).

Plaintiff appears to assert that the Court must award punitive damages, because default judgment was entered on an insurance bad faith claim.  However, the New Mexico Supreme Court has held that a finding of liability for an insurance bad faith claim does not automatically justify a punitive damages award. *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004 at ¶ 24, 135 N.M. at 114–15, 85 P.3d at 238–39. A culpable mental state may still be lacking.  *Id.*

## CONCLUSION

Therefore, the Court will award compensatory damages in the amount of $27,102.18, the reasonable and necessary expenses incurred in defending the *Franken* matter.  The Court declines to award punitive damages or treble damages at this time.  If Plaintiff desires punitive or treble damages, it must seek an evidentiary hearing by filing a notice with the Court within **fourteen (14) days** of the entry of this order.  If Plaintiff declines to seek an evidentiary hearing with the Court within **fourteen (14) days** of the entry of this order, the Court will enter judgment for compensatory damages in the amount of $27,102.18.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**